IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

EVESTER THARP, #196 360          *

    Plaintiff,                   *

        v.                       *     2:08-CV-752-TMH
                                                      (WO)

CORRECTIONAL MEDICAL SERVICES,   *
*et al.*,
    Defendants.                  *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate proceeding *pro se* and presently confined at the William E. Donaldson Correctional Facility located in Bessemer, Alabama, filed this 42 U.S.C. § 1983 action on September 12, 2008. Plaintiff names as Defendants to this complaint Commissioner Richard Allen, Correctional Medical Services, Inc., Carraway Hospital, Warden Gary Hetzel, and Prison Health Services, Inc. Plaintiff complains that he suffered a punctured intestine during a surgical procedure at Carraway Hospital which has resulted in a hernia and pain. Plaintiff further complains that he is not receiving adequate medical care and treatment for his injuries. He brings this complaint seeking damages and declaratory and injunctive relief. Upon review of the factual allegations presented in the complaint, the court concludes that this case should be transferred to the United States District Court for the

Northern District of Alabama pursuant to 28 U.S.C. § 1404.[1]

## I. DISCUSSION

A civil action filed by an inmate under authority of 42 U.S.C. § 1983 "may be brought . . . in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."  28 U.S.C. § 1391(b). However, the law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought."  28 U.S.C. § 1404(a).

It is clear from Plaintiff's recitation of the facts that the matters about which he complains and about which he is currently concerned and has personal knowledge of occurred in the Northern District of Alabama and/or are occurring at a penal facility located in the Northern District of Alabama.  Moreover, those individuals and/or entities personally responsible for the matters and conditions about which Plaintiff complains are located outside the jurisdiction of this court and/or are employed at an institution outside the jurisdiction of this court.  Thus, the majority of material witnesses and evidence associated

---

[1] Attached to Plaintiff's complaint is an affidavit in support of a request for leave to proceed *in forma pauperis*.  However, in light of the April 1996 revisions to 28 U.S.C. § 1915 and under the circumstances of this case, this court makes no determination with respect to such request as the assessment and collection of any filing fee should be undertaken by the United States District Court for the Northernn District of Alabama.

with those claims relevant to Plaintiff's allegations are located in the Northern District of Alabama. Further, by virtue of his position as the Commissioner of the Alabama Department of Corrections and their contracts with the Alabama Department of Corrections to provide state-wide inmate medical care and services, Defendants Allen and Prison Health Services, Inc., and Correctional Medical Services, Inc., are subject to service of process throughout the state and commonly defend suits in all federal courts of this state.

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Northern District of Alabama for review and determination.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **October 9, 2008**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 24th day of September 2008.

    /s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE